IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KEVIN DEHART                                                                                              PETITIONER
Reg. #15059-010

v.                                               2:22-cv-00187-JM-JJV

JOHN P. YATES, Warden,
Federal Correctional Institution – Forrest City Low                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.   PROCEDURAL HISTORY

In 2018, in the United States District Court for the Western District of Arkansas, Petitioner Kevin Dehart was sentenced to 135 months' imprisonment, followed by five years' supervised release, after pleading guilty to one count of attempted online enticement of a minor.  *United States v. DeHart*, 2:18-cr-20005-PKH-1 (W.D. Ark. Nov. 15, 2018).  Mr. Dehart is currently serving that sentence at the Forrest City Low Federal Correctional Institution.  His projected release date, via good conduct time, is October 15, 2027.  (Doc. No. 5-1 at 2, 7.)

Mr. Dehart has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

2241.  (Doc. No. 2.)  He seeks to apply credits against his sentence pursuant to the First Step Act of 2018, 18 U.S.C. §§ 3631-3635.  (*Id*.)  According to Mr. Dehart, through his participation in evidence-based recidivism reduction programming and productive activities, he has accumulated 6,409 programming days, equaling 3,204 earned time credits, making him eligible for immediate release to begin his term of supervision.  (*Id*. at 2.)

Respondent John P. Yates, Warden of the Forrest City Low FCI, has filed a Motion to Dismiss Mr. Dehart's Petition, asserting dismissal is appropriate due to Mr. Dehart's failure to exhaust his administrative remedies.  (Doc. No. 5.)  Mr. Dehart has not responded to the Motion, and this matter is now ripe for a decision.  After careful consideration, I recommend the Motion to Dismiss be GRANTED.  Mr. Dehart's Petition should be dismissed without prejudice.

## II.   ANALYSIS

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP."  *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)).  Federal regulations afford prisoners administrative review of the computation of their credits.  *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16).  Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies."  *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  The process is a multi-step one.  First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for

2

Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Respondent has submitted BOP records showing Mr. Dehart has not filed any Administrative Remedy Requests during his incarceration. (Doc. No. 5-1 at 4, 11.) Mr. Dehart asserts in his Petition that exhaustion would be futile or otherwise defeat the ends of justice (Doc. No. 2 at 6, 8); however, he does not explain or provide any support for his assertions. Because Mr. Dehart failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 5) be GRANTED.

2. Mr. Dehart's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

DATED this 23rd day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE